UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| GLEMA POTTER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 05-355-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JO ANNE BARNHART, Commissioner | ) | **MEMORANDUM OPINION** |
| of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Glema Potter ("Potter") and Defendant Jo Anne Barnhart, Commissioner of Social Security ("Commissioner"). [Record Nos. 9, 10] Through this action, Potter seeks to reverse the decision of an administrative law judge ("ALJ") concluding that she was not entitled to a period of disability and disability insurance benefits. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Potter.

## I.      BACKGROUND

Potter filed an application for a period of disability and disability insurance benefits on August 29, 2003. The claim was denied initially and upon reconsideration. Thereafter, Potter requested a hearing before an ALJ. On December 20, 2004, an administrative hearing was conducted before ALJ James D. Kemper, Jr. During the hearing, the ALJ heard testimony from

-1-

Potter and Anthony Michael, a vocational expert ("VE"). Thereafter, the ALJ issued a decision denying benefits to Potter. [Transcript (Tr.), pp. 14-21] The ALJ concluded that Potter retained the residual functional capacity to perform the full range of medium work, including her past relevant work as a deputy county clerk. [Tr., p. 20] Potter's request for review was denied by the Appeals Council on February 17, 2005. [Tr., pp. 11-13]

At the time of the hearing, Potter was a 62-year-old individual with a high school education. [Tr., p. 277-78] She has past relevant work experience as a deputy county clerk. [Tr., p. 279] Potter alleges a disability beginning April 23, 2003, due to injuries sustained from a fall, specifically knee, shoulder, and thoracic and lumbar spine pain. After reviewing and evaluating the medical evidence of record and testimony presented during the administrative hearing, the ALJ found that Potter had the residual functional capacity to perform a full range of medium work and had the residual functional capacity "to lift and/or carry up to fifty pounds occasionally and twenty-five pounds frequently." [Tr., p. 20] Based on these findings, the ALJ concluded that Potter was not disabled within the meaning of the Social Security Act and regulations. [Tr., p. 20-21]

## II.    LEGAL STANDARD

A claimant's social security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step.

First, a claimant must demonstrate that she is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b). Second, a

claimant must show that she suffers from a severe impairment. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity (hereafter "RFC") and relevant past work to determine if she can do past work. If she can, she is not disabled. 20 C.F.R. § 404.1520(f).

Under the fifth step of this analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, education and past work experience to determine if she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002), (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone

of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of

credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).  It is the

job of the ALJ to make credibility findings after listening to testimony, observing the claimant's

demeanor, and evaluating the testimony in light of the written evidence.  Credibility

determinations are particularly within the province of the ALJ.  *Gooch v. Sec'y of Health and*

*Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human*

*Services*, 818 F.2d 461, 464 (6th Cir. 1987).

### III.      DISCUSSION

#### A.      Treating Physician

Potter argues that the ALJ erred by failing to associate Exhibit 8F of the Administrative

Transcript with Dr. Dale Adkins and, therefore, failed to give proper weight to the opinions of

Dr. Adkins who was her treating physician.  The report contained in Exhibit 8F was prepared

by Dr. Dale Adkins.  This exhibit indicates that Potter could not lift and carry any amount of

weight, even less than ten pounds; could sit for three hours; could stand, walk and work for one

hour in an eight hour day with the need to change positions; and could not push, pull, bend,

squat, crawl, climb, reach upwards, stoop, crouch or kneel.  [Tr., pp. 159-60]

Potter admits that the ALJ referred to Exhibit 8F in his opinion.  However, she asserts

that the ALJ did not identify Exhibit 8F as having been provided by a treating physician.  Thus,

Potter would have the Court infer that the ALJ failed to afford Exhibit 8F the proper weight it

deserves.

The opinion of the treating physician is entitled to careful consideration.  *Cutlip v.*

*Secretary of Health and Human Services*, 25 F.3d 284 (6th Cir. 1994).  However, while some

deference is accorded the findings of treating physicians, "[u]ltimately, of course, the determination of disability is the prerogative of the Secretary, not the treating physician." *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985); *see also* 20 C.F.R. §§ 404.1527(e)(2) ("We use medical sources, including your treating source, to provide evidence, including opinions, on the nature and severity of your impairment(s).  Although we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments . . . , your residual functional capacity . . . , or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner.")

The "opinion of a treating physician is entitled to greater weight only if it is based on objective medical findings, and is not contradicted by substantial evidence to the contrary.  The Commissioner may reject the opinion of a treating physician where good reasons are found to do so in the record." *Hare v. Comm'r of Soc. Sec.*, 37 Fed. Appx. 773, 776 (6th Cir. 2002).  In *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004), the Sixth Circuit noted that a treating physician's opinion can be discounted when: (1) it is not supported by medically acceptable clinical and laboratory diagnostic techniques; (2) it is inconsistent with substantial evidence in the record; (3) it does not identify the evidence supporting its finding; and (4) if it fares poorly when applying the factors listed in 20 C.F.R. §§ 404.1527(d)(2), which include, *inter alia*, the length and frequency of examinations, the amount of evidence used to support an opinion, the specialization of the physician, and consistency with the record.

Here, the ALJ wrote:

> While I note that an October 2003 "disabling" assessment has been submitted, the source of this is not known, and the findings (total inability to lift/carry or perform postural activities) are not supported by the weight of the medical evidence (Exhibit 8F). While the state agency medical consultants below found the claimant's impairment less than severe (Exhibit 6F), I have afforded her the benefit of doubt and find that some limitations is warranted, given her residual pain. However, she is found to be capable of engaging in a full range of medium exertional activity, which involves lifting and/or carrying up to fifty pounds occasionally and twenty-five pounds frequently. No further limitation is found to be warranted, given the overall record.

[Tr., p. 19] This discussion accurately characterized the findings and contents of Exhibit 8F and the ALJ, in his opinion, provided reasons for discounting its conclusions.

The ALJ noted that, at the time of the initial injury, treatment records indicated that Potter had a normal range of shoulder motion and that there was no evidence of gross swelling instability in the right knee. Dr. Anbu Nadar, who examined Potter the day after the accident, observed tenderness without swelling or effusion in her knees. Also, the ALJ pointed out that, in September 2003, Potter had no significant swelling, erythema, warmth, or effusion of either knee and maintained a good range of motion of both knees with stability of both knee joints. The ALJ also stated that Dr. Nadar's July 2004 examination of Potter noted no shoulder instability. However, an MRI of the left shoulder showed an anatomic impingement with tendenosis and a labrum tear. ALJ Kemper acknowledged that Dr. Nadar recommended a trial steroid injection and noted that Potter may be a candidate for arthroscopic evaluation and subacromial decompression.

The ALJ also discussed the findings of Dr. Bobby Jack Kidd. Dr. Kidd examined Potter in July 2004. This examination revealed normal findings of the back and knee with no

neurological deficits.  Dr. Kidd opined that Potter could frequently climb, balance, stoop, crouch, kneel, and crawl.

The ALJ specifically noted that the "disabling" assessment set forth in Exhibit 8F was more severe than those of Dr. Nadar and Dr. Kidd.  Given that fact, the ALJ indicated that he had given Potter the benefit of the doubt and found that "some limitation [was] warranted." [Tr., p. 19] Therefore, the ALJ concluded that, "given the overall record," Potter was capable of performing a full range of medium work.

In summary, the Court must conclude that even though the ALJ did not associate Exhibit 8F with Dr. Adkins, the ALJ properly considered the relevant factors in evaluating the opinion of a treating source, including support for the opinion in the treating source's notes and support for the opinion in the overall record.  In doing so, the ALJ properly discounted Dr. Adkins' conclusory work restrictions and found that Potter was not disabled from performing her past relevant work.

## B.    Listing of Impairments

Potter also argues that she should have been found disabled under the Listing of Impairments.  She does not, however, identify a specific listing in support of her argument. Instead, she refers to a group of musculoskeletal listings in general.  *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00, et seq.  A claimant has the ultimate burden of proving disability by furnishing or identifying medical evidence regarding her impairments.  42 U.S.C. § 423(d)(5).  The evidentiary burden is higher when the Claimant claims she meets the requirements for a Listing, which results in a presumptive finding of disability.  *Deters v. Sec'y of Health, Education, and*

*Welfare*, 789 F.2d 1181, 1185 (5th Cir. 1986).  The claimant "must present specific medical findings that meet the various tests listed under the description of the applicable impairment . . . [or] present medical evidence which describes how the impairment has such equivalency." *Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987).  Potter has not satisfied this burden. Therefore, the Court cannot conclude that this claim warrants reversal of the administrative decision.

###    IV.     CONCLUSION

After reviewing the briefs submitted by the parties and the record before the ALJ, and based on the foregoing analysis, the Court concludes that the ALJ's opinion is supported by substantial evidence.  Accordingly, it is hereby **ORDERED** as follows:

1.      Claimant's Motion for Summary Judgment [Record No. 9] is **DENIED**;

2.      The Commissioner's Motion for Summary Judgment [Record No. 10] is **GRANTED**; and

3.      The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 4th day of May, 2006.



Signed By:

*Danny C. Reeves*

United States District Judge

-9-